UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEBORAH COUNTRYMAN, | ) |
|     Plaintiff–Appellant | ) |
| vs. | ) CAUSE NO. 3:05-CV-496-RM |
| LINDA LEE PRUE, | ) |
|     Defendant–Appellee | ) |

OPINION AND ORDER

Deborah Countryman commenced an adversary proceeding in the United States Bankruptcy Court for the Northern District of Indiana seeking a declaration that her claim against Linda Prue is not dischargeable. She now appeals the bankruptcy court's orders denying her leave to proceed *in forma pauperis* in her adversary proceeding and on appeal.

The only issue on appeal is whether creditors may bring adversary proceedings *in forma pauperis* in bankruptcy cases. The court reviews the bankruptcy court's orders pursuant to 28 U.S.C. § 158, *see, e.g.,* House v. Belford, 956 F.2d 711, 716 (7th Cir. 1992) (denial of a motion to proceed *in forma pauperis* is an appealable order), and because the decisions were based on purely legal conclusions the court reviews them de novo. *See* Meyer v. Rigdon, 36 F.3d 1375, 1378 (7th Cir.1994).

The general authority to proceed *in forma pauperis*, found in § 1915(a), provides "any court of the United States" may "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or

appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." For purposes of Title 28, "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by act of Congress the judges of which are entitled to hold office during good behavior.  28 U.S.C. § 451.

Although bankruptcy courts aren't listed in § 451, our court of appeals hasn't determined whether bankruptcy judges can exercise the authority of a court of the United States  irrespective of § 1915.  Matter of Volpert, 110 F.3d 494, 499-500 (7thCir.1997).[1]  Ms. Countryman says bankruptcy courts have the power to waive fees under 28 U.S.C. §§ 151 *et seq.*, which authorizes the district court to refer certain matters to the bankruptcy court, a "unit" of the district court, for decision.  *See, e.g.,* In re Melendez, 153 B.R. 386 (Bankr. D. Conn. 1993); In re McGinnis, at 295.  The court cannot agree.

---

[1] The bankruptcy court cited United States v. Kras, 409 U.S. 434, 440 (1973), for the proposition § 1915 "does not allow the wavier of fees in a bankruptcy case." United States v Kras dealt with the waiver of a debtor's filing fee in commencing a bankruptcy case and was decided before Congress enacted 28 U.S.C. § 1930 — the statute providing bankruptcy courts the authority to require a filling fee — so some courts have questioned whether it is binding precedent in modern adversary proceeding cases. *See, e.g.,* In re McGinnis, 155 B.R. 294, 295 (Bankr. D. N.H. 1993); In re Palestino,4 B.R. 721, 722-723 (Bankr. M.D. Fla. 1980). The court also held § 1930 forbids the waiver of fees in adversary proceedings. Section 1930(a) was amended in May 2005 (Pub. L. N. 109-8, § 418) by striking "[n]otwithstanding section 1915 of this title" and by adding subsection (f)(3) which provides "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors." The amendment, however, was not effective until October 17, 2005 and is not controlling on the bankruptcy court's July 18, 2005 order denying Ms. Countryman's request to proceed *in forma pauperis*.

Section 451 excludes bankruptcy courts as a "court of the United States" under title 28, and 28 U.S.C. § 157 allows bankruptcy judges to "hear [ ]all core proceedings arising under title 11" and "enter appropriate order and judgments." The starting point for interpreting a statute is the statute's language. Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). Bankruptcy courts aren't explicitly listed in § 451, and bankruptcy judges are not "entitled to hold office during good behavior"; they serve a specified term of fourteen years. Matter of Volpert, 110 F.3d at 498. The statute's plain language indicates that Congress expressly and unequivocally deprived bankruptcy courts of authority to permit litigants to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 157 makes no mention of the right to waive fees, so any authority to do so would be implied from a general grant of authority.

Ms. Countryman argues that Congress has directly taken away authority with one hand, while indirectly giving it back with the other. This court agrees with the court in In re Perroton, 958 F.2d 889, 896 (9th Cir.1992), that "this argument [ ] fails given the clear expression of congressional intent to exclude the bankruptcy court[s] from those court authorized to waive fees under § 1915(a). . . ." Perhaps Congress should vest the bankruptcy court with such authority, but it hasn't done so.

No binding authority giving bankruptcy courts the power to waive filling fees, so the court affirms the bankruptcy court's denial of the plaintiff's motion for leave to proceed *in forma pauperis.* The court also affirms the bankruptcy court's

3

denial of her motion to waive the appeal filing fee for the same reasons.

 SO ORDERED.

 Entered:  April 3, 2006

             /s/ Robert L. Miller, Jr.
            Chief Judge
            United States District Court

cc: counsel of record